IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY LONGJAW,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTEN, ET AL.,<br><br>Defendants. | CV 22-107-GF-BMM-JTJ<br><br><br><br>Order |

The Court screened Timothy Longjaw's pro se prisoner Complaint and determined that it failed to state a claim for relief. (Doc. 6.) Longjaw was directed to file an Amended Complaint if he was able, and the Clerk of Court was directed to close the case if Longjaw did not file his Amended Complaint by January 13, 2023. Longjaw did not do so, and the Clerk of Court subsequently closed his case. He has now filed an Amended Complaint and a letter that the Court construes as a Fed. R. Civ. P. 60(b)(6) motion to reopen this matter. (Docs. 8 and 9.)

"Federal Rule of Civil Procedure 60(b)(6) is a grand reservoir of equitable power that allows courts to grant relief from a final judgment for 'any' reason that 'justifies relief.'" *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 439–40 (9th Cir. 2019). The envelope in which Longjaw's Amended Complaint arrived at the Court has a stamp cancellation date of January 10, 2023, and notations regarding postage that suggest that Longjaw attempted to file his document on time. Therefore, the

1

Court concludes that relief from the February 6, 2023 entry of judgment is justified. The Court will screen the Amended Complaint to determine whether it sufficiently remedies the deficiencies identified in the Court's earlier Order.

## I.     Amended Complaint

Longjaw's Amended Complaint limits the named defendants to Aaron Graham, Joseph Callahan, and Daniel Layne. (Doc. 8 at 2 – 3.) This time he specifically alleges an Eighth Amendment violation, asserting deliberate indifference to safety, failure to protect, breach of confidentiality, and "acts that adversely affected Plaintiff's mental health." (Doc. 8 at 3.) Longjaw again refers to the events of December 27, 2020, when he was released from disciplinary detention and sent back to general population, where he learned that Defendant Layne had allegedly been lying about him. (Doc. 8 at 5.) Longjaw seeks damages for anxiety, mental health, and slander. (Doc. 8 at 5.) The only allegation against Defendant Graham is that he failed to supervise Defendant Layne. (Doc. 8 at 8.) There are no specific allegations regarding Defendant Callahan.

Longjaw has appended to his Amended Complaint the same "Tort Claim" that he submitted with his first Complaint, which appears to be a document related to a Montana state administrative procedure. (Doc. 8-1.) This document is no more illuminating the second time around. It contains the allegations that Layne and Officer Highly had previously used racial language and conducted what Longjaw

interpreted to be excessive searches of him. However, the allegations continue to be vague—"for some period of time, these officers," were searching him daily, without justification according to him. (Doc. 8-1 at 2.) This Court's prior Order advised Longjaw as follows:

> Longjaw may intend to state an equal protection claim by mentioning the racial insults Highly and Layne used. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted). A plaintiff relatedly must show that defendants treated him differently from other members in the relevant class, in this case incarcerated individuals. *Id.*
>
> Longjaw must allege facts that provide notice to Defendants about what, and whose, conduct meets this standard. Racial comments, without more, do not suffice. Longjaw must explain how Defendants' treatment of him differed from their treatment of others. He must present factual allegations against each individual defendant sufficient to place them on notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) Longjaw's Complaint mentions Layne in the context of this discrimination, for example, but the evidence revealed in his grievances only relate Highly to this conduct. Longjaw must explain exactly what happened, including how specific MSP staff treated him in comparison to how they treated other individuals, in order to state an Equal Protection claim.

(Doc. 6 at 8 – 9.)

Longjaw's Amended Complaint fails to heed these instructions. He has not elaborated any of his claims against Layne, other than related to Layne's alleged

false statements. Without more, Longjaw does not state a constitutional claim regarding equal protection or excessive searches, especially given that he has now omitted Highly from his list of intended defendants.

As to his other claims, Longjaw has failed to state a claim for a violation of his Eighth Amendment rights. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is the obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.* Longjaw's allegations continue to be very non-specific, but he does not allege any conduct by Layne that could reasonably be construed as reaching this level. Nor does he allege anything concrete against the other Defendants that would state a claim against them.

To the extent that Longjaw alleges state law claims, such as slander, or Mont. Code. § 45-5-204, the Court declines to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

**II.    Conclusion**

The Court has screened Longjaw's Amended Complaint and determines that it fails to state a claim upon which relief may be granted.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Longjaw's request to reopen this closed matter and file his Amended Complaint is GRANTED. (Doc. 11.) However, the Court has screened the Amended Complaint and determined that it fails to state a claim. The prior judgment is VACATED. The Clerk of Court is directed to close this matter and enter a new judgment.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

3. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Longjaw's filing of this action counts as one strike against him.

DATED this 3rd day of March, 2023.

_____
Brian Morris, Chief District Judge
United States District Court